UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SOUTHERN FS, INC., </br></br> Plaintiffs, </br></br> v. </br></br> WYATT'S ONE STOP, LLC, MARTIN WYATT & RASHENA WYATT, </br></br> Defendants. | No. 1:19-cv-00103-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

The complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. The complaint alleges that Plaintiff is "a Corporation created by and existing under the laws of the State of Illinois, with its principal place of business in Marion, Illinois," and that Defendant Wyatt's One Stop, LLC "is a Missouri Limited Liability Company with its principal place of business in Bloomfield, Stoddard County, Missouri." ECF No. 1 ¶¶ 1-2. The complaint further alleges that Defendants Martin Wyatt and Rashena Wyatt (the "Wyatts") "are members

of Wyatt's One Stop, LLC" and, upon information and belief, "are residents of Stoddard County, Missouri." *Id.* ¶¶ 4-5.

Unlike a corporation, which is a citizen of its state of organization and its principal place of business, 28 U.S.C. § 1332(c)(1), a limited liability company is a citizen of every state of which any member is a citizen. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, in order to determine whether complete diversity of citizenship exists in this case, the Court must examine the citizenship of each member of Wyatt's One Stop, LLC. The complaint alleges that the Wyatts are members of the LLC and residents of Missouri. But it is not clear from the complaint whether there are any other members of this LLC, and if so, whether any is an Illinois citizen, which would destroy diversity.

The Court will grant Plaintiff seven days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If Plaintiff fails to timely and fully comply with this Order, the Court may dismiss this matter without prejudice for lack of subject matter jurisdiction.

The Court also notes that, even if it has jurisdiction, it is not clear that this action may proceed. On August 20, 2019, Plaintiff filed a notice of voluntary dismissal without prejudice as to the Wyatts only, pursuant to Federal Rule of Civil Procedure 41(a)(1). ECF No. 11. The Wyatts had neither entered an appearance nor filed a response to the complaint at that time. In its notice of dismissal, Plaintiff stated that it received notice on August 19, 2019, that the Wyatts, individually, had filed for Chapter 7 bankruptcy.

Plaintiff therefore dismissed its claims against the Wyatts but stated that it was proceeding with its claims against Wyatt's One Stop, LLC. *Id.*

Wyatt's One Stop, LLC has not entered its appearance and did not timely respond to the complaint. Therefore, on August 20, 2019, Plaintiff filed a motion for entry of default against this Defendant by the Clerk of Court under Federal Rule of Civil Procedure 55(a) (ECF No. 9), which has been granted (ECF No. 12), and a motion for default judgment under Rule 55(b) (ECF No. 10), which remains pending. However, Plaintiff has not addressed, in any of these filings, the impact of the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(a), imposed by the Wyatts' individual bankruptcies, on Plaintiff's remaining claims against Wyatt's One Stop, LLC, which is apparently owned by the Wyatts.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that, within **seven (7) days from the date of this Order**, Plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each party. If Plaintiff fails to timely and fully comply with this Order, this matter may be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that, within **14 days from the date of this Order**, Plaintiff shall show cause in writing, why its claims against Defendant Wyatt's One Stop, LLC should not be stayed in light of the automatic bankruptcy stay imposed by the bankruptcy filings of Martin Wyatt and Rashena Wyatt.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order on Defendant Wyatt's One Stop, LLC, at the address reflected in the record.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2019.